# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 13-826V
March 6, 2014
Not to be Published

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
ANITA LEE, in Her Own Right and as Best     *
Friend of Her Daughter, KYLA LEE,           *
                                            *
               Petitioner,                  *
                                            *
     v.                                     *     MMR and varicella vaccines;
                                            *     speech delay; pervasive
                                            *     developmental delay; statute
SECRETARY OF HEALTH                         *     of limitations expiration;
AND HUMAN SERVICES,                         *     petitioner moves to dismiss
                                            *
               Respondent.                  *
                                            *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

John F. McHugh, New York, NY, for petitioner.
Lindsay Corliss, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

Petitioner filed a petition on October 22, 2013, under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that measles-mumps-rubella ("MMR") and

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002).  Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

varicella vaccines administered to her daughter Kyla Lee resulted in neurological injury occurring in late 2010 or thereafter.  Petitioner did not file any medical records.

On January 16, 2014, the undersigned held a telephonic status conference with petitioner and respondent, during which petitioner's counsel stated he had not yet received the medical records.

On February 21, 2014, the undersigned held another telephonic status conference with petitioner and respondent, during which petitioner's counsel said he had received most of the medical records from petitioner and was concerned about whether or not petitioner had filed her petition within three years of the onset of her daughter's speech delay.  He was going to clarify the onset of Kyla's speech delay by conversing with his client.

On March 6, 2014, the undersigned held another telephonic status conference with petitioner and respondent, during which petitioner's counsel moved to dismiss based on the expiration of the statute of limitations.  His conversation with petitioner clarified that Kyla's speech delay occurred more than 36 months before petitioner filed her petition.

The undersigned grants petitioner's motion and dismisses her case.

## DISCUSSION

The United States is sovereign and no one may sue it without the sovereign's waiver of immunity.  United States v. Sherwood, 312 U.S. 584, 586 (1941).  When Congress waives sovereign immunity, courts strictly construe that waiver.  Library of Congress v. Shaw, 478 U.S. 310 (1986); McGowan v. Sec'y of HHS, 31 Fed. Cl. 734, 740 (1994); Edgar v. Sec'y of HHS, 29 Fed. Cl. 339, 345 (1993); Patton v. Secretary of HHS, 28 Fed. Cl. 532, 535 (1993); Jessup v. Sec'y of HHS, 26 Cl. Ct. 350, 352–53 (1992) (implied expansion of waiver of sovereign immunity was beyond the authority of the court).  A court may not expand on the waiver of sovereign immunity explicitly stated in the statute.  Broughton Lumber Co. v. Yeutter, 939 F.2d 1547, 1550 (Fed. Cir. 1991).

Section 16(a)(2) of the Vaccine Act states that "no petition may be filed for compensation under the Program" for an alleged "injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset" of the alleged illness.  42 U.S.C. § 300aa–16(a)(2) (2012).

Petitioner admits in her oral motion that her daughter's onset of speech delay occurred more than 36 months before she filed her petition and orally moves to dismiss.

The undersigned **GRANTS** her motion to dismiss.  This petition is hereby **DISMISSED.**

2

## CONCLUSION

This petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: March 6, 2014                                        s/Laura D. Millman
                                                                              Laura D. Millman
                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.